[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

No. 11-12872
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00249-SPM-GRJ

FRANK C. JOHNSON, JR.,
a.k.a. Frank Johnson,

                                                            Plaintiff-Appellant,

RUTH B. JOHNSON,

                                                            Plaintiff,

versus

BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
CHRISTIAN W. HANCOCK,
Individually,
agent of Bradley Arant Boult Cumming Law Firm,
In the State of Florida,
JON S. WHEELER,
Honorable, Individually and in his capacity as Clerk of Court
for the First District of Florida and in his enforcement capacity,
CLIVE N MORGAN, Individually,
PENDERGAST AND MORGAN PA,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 11, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Frank Johnson Jr., proceeding *pro se*, appeals from the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), of the *pro se* civil rights action he filed with his wife, Ruth B. Johnson, against various defendants. The Johnsons alleged violations of their civil rights under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, the Fourteenth Amendment to the U.S. Constitution, and Section 21 of the Florida Constitution. In addition, they asserted state law claims for breach of the duty of good faith and fair dealing, fraud and intentional misrepresentation, negligence, negligent misrepresentation, and a claim for injunctive relief against the enforcement of certain orders entered in Florida state courts. Johnson argues that an amended complaint, filed on the day the district court entered its order dismissing their lawsuit, "related back" to the Johnsons' original complaint.

We review *de novo* a district court's *sua sponte* dismissal for failure to state

2

a claim pursuant to § 1915(e)(2)(B)(ii), using the same standards that govern dismissals under Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We review a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010).

The district court correctly concluded the Johnsons' complaint did not state any claim upon which relief could be granted. In particular, there were no allegations suggesting any of their federal claims could be maintained against any of the named defendants, and their state law claims failed on multiple grounds. With regard to their "relation back" argument, the district court had entered an order dismissing the complaint at the time the second amended complaint was filed. Because the Johnsons had already filed an amended complaint which the court considered, they were not entitled to a second amendment "as a matter of course." Fed. R. Civ. P. 15(a)(1). To the extent that any of the state law claims might have been capable of amendment, the district court properly declined to exercise supplemental jurisdiction over those claims. Accordingly, we affirm.

**AFFIRMED.**